United States Court of Appeals
Fifth Circuit

**F I L E D**
June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-40113
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

RENE MENDEZ-MADRID, also known as
Nacisco Mendez-Madrid,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-895-1
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Rene Mendez-Madrid appeals the sentence imposed following

his guilty plea conviction of being found in the United States

after deportation/removal in violation of 8 U.S.C. § 1326.

Mendez-Madrid contends that the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.

Mendez-Madrid alternatively argues that he may not be convicted

and sentenced under 8 U.S.C. § 1326(b)(1) and (2) because the

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Government did not allege in the indictment that his deportation occurred after a qualifying felony or aggravated felony. He therefore argues that his conviction must be reduced to one under the lesser included offense found in 8 U.S.C. § 1362(a), his judgment must be reformed to reflect a conviction only under that provision, and his sentence must be vacated and the case remanded for resentencing to no more than two years' imprisonment and one year of supervised release.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Mendez-Madrid acknowledges that his arguments are foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.